**WEN SHENG CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

No. 08–4733–ag.

United States Court of Appeals, Second Circuit.

June 16, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

Holder Jr. is automatically substituted for for-

Wen Sheng Chen, New York, NY, pro se.

Michael F. Hertz, Deputy Assistant Attorney General, Civil Division; Blair T. O'Connor, Assistant Director; Joan H. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

mer Attorney General Michael B. Mukasey as

### SUMMARY ORDER

Petitioner Wen Sheng Chen, a native and citizen of the People's Republic of China, seeks review of a September 16, 2008 order of the BIA affirming the September 17, 2007 decision of Immigration Judge Jeffrey L. Romig denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Sheng Chen,* No. A200 030 674 (B.I.A. Sept. 16, 2008), *aff'g* No. A200 030 674 (Immig. Ct. N.Y. City Sept. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

For asylum applications, such as Chen's, which are governed by the amendments made to the Immigration and Nationality Act of the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could

the respondent in this case.

make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam).

In this case, the agency's adverse credibility determination was supported by substantial evidence. The IJ identified internal inconsistencies in Chen's testimony and inconsistencies between his testimony and other evidence in the record regarding the following matters: 1) the timing of Chen's wife's abortions; 2) Chen's whereabouts during his wife's second abortion; 3) whether his wife was in hiding immediately prior to her second abortion; and 4) whether his wife purposefully removed one or more of her IUDs. Given the totality of the circumstances, these inconsistencies provided sufficient support for the IJ's adverse credibility finding, and the agency therefore did not err in denying Chen's asylum claim. *See id.*

The adverse credibility determination in this case also precluded Chen's claim for withholding of removal, as well as his claim for CAT relief to the extent that it was based on the same factual predicate as his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). To the extent that Chen's CAT claim was based on his allegedly illegal departure from China, the agency did not err in finding that Chen failed to meet his burden of proof. Even assuming that Chen left illegally, he failed to submit any evidence that a similarly situated individual in his particularized circumstances would be subjected to torture. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.